WEED SEWING MACHINE COMPANY v. KAULBACK, appellant.

*Foreign corporation — Evidence — of incorporation under laws of another State — of agent's authority — Agency — ratification of agent's acts — Bond — rights of surety — Referee's report.*

The agent of plaintiff, a sewing machine company incorporated by the laws of Connecticut, entered into an agreement under seal with P. of Syracuse, N. Y., for the selling of machines which should be consigned to P. and for which P. should give his notes when sold. Defendant became surety on a bond conditioned for the performance of the agreement on the part of P. In an action for a breach of the bond, the defendant's answer put in issue the incorporation of plaintiff and the execution of the contract by plaintiff, and set up a defense that there was an agreement at the time the bond was signed, that there was to be another surety. *Held* (1), that the certificate of the secretary of State of Connecticut, was evidence of the incorporation of plaintiff, defendant not having pointed out any specific defects in its authentication; (2), that the authority of the agent of plaintiff to make the sealed contract could be proved by parol evidence; (3), that the subsequent ratification of the contract by plaintiff rendered it binding on the parties, notwithstanding any defect in the agent's authority; (4), that the acts and declarations of P. were competent evidence against defendant; and (5), that although there was some conversation about having an additional surety at the time defendant signed the bond, but not sufficient to establish a distinct agreement to that effect, defendant was liable.

Where a party desires explanation as to how a referee has calculated the aggregate amount of a judgment, he should apply for an order requiring the referee to show how he arrived at the amount.

APPEAL from a judgment entered upon the report of a referee in favor of plaintiff. The action is brought by the Weed Sewing

Machine Company, incorporated under the laws of Connecticut, against John J. Kaulback impleaded with Frank Presley, to recover the amount secured by a bond. The opinion sufficiently states the facts. The appeal is by defendant.

*Fred. A. Marvin* and *Hunt & Weaver*, for appellant.

*W. Gilbert*, for respondent.

MULLIN, P. J. The plaintiff appointed Frank Presley its agent at Syracuse, for the sale of its machines, attachments, etc., and entered into a contract with him in writing, dated the 12th day of March, 1870, wherein and whereby the plaintiff agreed to consign to said Presley, sewing machines to.be sold on commission in Onondaga county. Said Presley to have an office in Syracuse and to be allowed a commission of 33⅓ per cent discount from the regular retail prices. He was to pay at the end of each month in cash for all attachments and findings ordered by him; to render an account at the end of each month of all machines sold by him, and give his note for the amount payable in Syracuse with exchange on New York at five months. All cash received in the business, after paying expenses, was to be paid plaintiff on the first of each month, unless needed for payment of notes. Interest was to be allowed Presley on all payments at the rate of 12 per cent per annum. Presley agreed to give a bond in the sum of $5,000, conditioned for the faithful performance of said contract, and the payment of any balance which might be due the plaintiff for goods and machines, and for the amount of machines so furnished; the amount due on machines and goods not to exceed $5,000, including outstanding and unpaid notes. There are several other provisions in the contract which have no bearing on the question in this case and are therefore omitted.

The contract concluded as follows: "In witness whereof the parties hereto subscribed their hands and seals the day and year above written."

(Signed)    "WEED SEWING MACHINE COMPANY, [L. S.]

"By FRANK BALDWIN,

"FRANK PRESLEY."    [L. S.]

On the day of the date of the said contract, Presley and the defendant signed, sealed and delivered to the plaintiff a bond in the

penal sum of $10,000, conditioned that it should be void if Presley should pay to the plaintiff $5,000, or so much thereof as might be due to said plaintiff upon said contract, and pay any sum not exceeding $5,000 which might be due from Presley on notes given by him or otherwise, and return all property at the termination of said contract.

This action is brought to recover a balance claimed to be due from Presley to the plaintiff of $3,470.42, on notes of said Presley for machines sold, and for attachments, etc., sold by him. Defendant, in his answer, alleges, 1st. That the bond was not sealed when signed by him; 2d. That it was agreed between him and Presley that the name of another party should be signed to said bond; 3d. That the contract between plaintiff and Presley was never signed by plaintiff, or by its authority; 4th. That the agreement was usurious, by reason of the requirement that Presley should pay exchange on money transmitted to plaintiff at New York, in addition to legal interest; 5th. Payment; 6th. Counter-claim.

The issues were referred to a referee, and on the trial the plaintiff put in evidence a copy of plaintiff's charter, duly certified by the Secretary of the State of Connecticut, which was objected to as incompetent. The objection was overruled, and defendant's counsel excepted. Frank Baldwin who executed the contract between plaintiff and Presley, as agent of the plaintiff, testified that he executed it by direction of the secretary by parol and by writing. He had a general authority to act for the company. The defendant's counsel objected to parol evidence of authority. It appearing that the authority was in writing, the objection was overruled, and defendant's counsel excepted.

The witness then proved the signature of Presley to ten promissory notes, payable at the First National Bank of Syracuse, pursuant to the contract. One for $620, dated October 1, 1870; one for $670, dated July 2, 1870; one for $613.33, dated November 1, 1870; one for $285, dated December 1, 1870; one for $86.67, dated January 13, 1871; one for $285, dated January 1, 1871; one for $610, dated September, 1870; one for $816.67, dated August 1, 1870; one for $810, dated May 2, 1870; one for $866, dated June 1, 1870.

Another witness, in the employ of the company, testified that Presley sent his monthly accounts to the office, and the notes. They did not know of the shipments otherwise than by the books. It was further proved that attachments, etc., were sold by Presley

to the amount of $500 or $600. The balance due from Presley at the close of his account was $3,172.12.

The defendant was examined in his own behalf, and testified that it was his impression that when he signed the bond there were no seals upon it. He further testified that when Presley called upon him to sign the bond, witness asked Presley if he could not get some one in Syracuse to take hold with him; told him he, the witness, would take chances if he could get some one else to sign with him, and asked who he could get; he named some one, but could not tell who.

On cross-examination the witness said it was agreed between Presley and the witness that his (Presley's) wife should sign; nothing was said when bond was delivered to Presley; witness wrote his name in the body of it.

Baldwin, being recalled by the plaintiff, testified that the seals were on the bond when Gilbert, who drew it, handed it to Presley.

Another witness was called by the plaintiff, and testified that, in March, 1872, he heard defendant say, in Gilbert's office, that when Presley came to get him to sign bond he (Presley) told him that he, defendant, was the only friend he (Presley) had that he could ask such a favor of; that he did not know as he could get any one to sign the bond.

The referee found that plaintiff was duly incorporated, the making of the contract, the execution and delivery of the bond, the delivery of machines, etc., the making of the notes by Presley, and that a balance was due from Presley to the plaintiff of $3,184.38, for which sum he ordered judgment.

The defendant's counsel did not, on the trial, nor does he, in his points, on the argument of the appeal, suggest wherein the certificate of the secretary of State to the copy of the charter is defective. It was not enough to object that it was not properly authenticated to be used in evidence in this State. This objection was too general to be available. The counsel should have pointed out specifically the defect.

Presley contracted directly with the plaintiff as a corporation; the bond recognizes the existence and validity of that contract, and the obligors therein bind themselves to pay to the plaintiff, as a corporation, whatever may be due by the contract to the corporation. When a party thus contracts with a corporation, foreign or domestic,

he is estopped from disputing its corporate existence. *Steam Navigation Co.* v. *Weed*, 17 Barb. 378; *Palmer* v. *Lawrence*, 3 Sandf. 170.

If Baldwin was not legally authorized to bind the plaintiff when the papers were executed, the subsequent acceptance of the contract and bond, and delivery of property thereupon, was a ratification of the act and made it binding. There is an answer to the proposition that plaintiff should have produced the authority that Baldwin said he had in writing from the plaintiff's secretary to appoint agents for the corporation. Baldwin assumed, if you please, without authority, to appoint Presley an agent of the plaintiff, and plaintiff with knowledge of the fact recognized him as such. The most favorable view of the question for the defendant is to assume that Baldwin had no authority to appoint or that he was forbidden to appoint agents. Yet he did it and plaintiff ratified the appointment. Froulick, one of plaintiff's witnesses, testified to the sending machines, etc., by plaintiff to Presley, and that he knew the state of the accounts between Presley and the plaintiff; that notes were given by Presley each month for machines, etc., sold.

The defendant's counsel objected to receiving in evidence the declarations of Presley to establish defendant's liability. There was no proof of declarations independent of Presley's acts. The accounts rendered monthly and the notes given by Presley were competent evidence against the defendant. These acts and the declarations accompanying were parts of the *res gestæ* and bound defendant.

There was no mode of proving the monthly sales except by Presley's account as rendered. Plaintiff did not have his books and must trust to his accounts.

The referee properly disposed of the facts as to an agreement that another surety should sign the bond.

The evidence of the defendant is not satisfactory on that point and taken in connection with his admission in the presence of another witness, that Presley said he did not know that he could procure another surety, authorized the finding that no such agreement was proved.

If the agreement had been that Presley's wife should sign the bond, the failure to obtain her signature is not prejudicial to the defendant, as she would not have been liable to him or upon the bond, had she signed as surety.

The defendant's counsel says that he is unable to ascertain how the referee arrived at the amount for which he ordered judgment.

Had he desired information on that point, he should have applied for an order requiring the referee to show how he arrived at such balance. This he has not done and he cannot now ask to reverse the judgment because of any uncertainty or indefiniteness in the report.

The judgment must be affirmed.

*Judgment affirmed.*